IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE (E.Y.W), an individual,

        Plaintiff,

v.                                                                   1:25-cv-01318-KK-JMR

'SAI' INC., d/b/a MOTEL 1,

        Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. Plaintiff Jane Doe filed her Complaint (Doc. 1) under seal without permission from the Court. Plaintiff is ordered to show cause as to why the Complaint should not be unsealed by **January 30, 2026**.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id*. Documents should be sealed "only on the basis of articulable facts known to the

court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). The fact that information has "already been made public" will undermine a party's privacy concerns. *United States v. Pickard*, 733 F.3d 1297, 1305 (10th Cir. 2013) (citing *Mann*, 477 F.3d at 1149).

In keeping with the paramount right of public access, this Court requires a party to move for permission to file a particular document under seal and to establish that her interest in keeping the document private outweighs the public's right of access to judicial records.

IT IS THEREFORE ORDERED that Plaintiff Jane Doe must provide the Court with a written explanation demonstrating a private interest sufficient to justify filing her Complaint (Doc. 1) under seal by **January 30, 2026**. Failure to respond to this order will result in the Court unsealing the complaint without further notice.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge