IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JANE DOE (E.Y.W), an individual,

      Plaintiff,

v.                                     1:25-cv-01318-MIS-JMR

'SAI' INC., d/b/a MOTEL 1,

      Defendant.

### ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY

THIS MATTER is before the Court on its own Order to Show Cause (Doc. 20) and Plaintiff's Unopposed Motion to Proceed Under Pseudonym (Doc. 24). Because Plaintiff was proceeding under a pseudonym without permission from the Court, the Court issued an Order to Show Cause that ordered Plaintiff to "(1) file a motion requesting to proceed under a pseudonym, or (2) file an amended complaint identifying Plaintiff's full name." Doc. 20 at 2. Plaintiff opted to file a motion. Doc. 24.  Having reviewed the briefing and the relevant law, the Court will QUASH the Order to Show Cause and GRANT Plaintiff's motion. Plaintiff may proceed as a Jane Doe or as E.Y.W.  By July 31, 2026, Plaintiff must file a sealed version of the complaint placing her full name on the record.

Plaintiff requests to proceed anonymously because she "is a survivor of sex trafficking," bringing this case under the Trafficking Victims Protection Reauthorization Act. Doc. 24 at 1. Specifically, Plaintiff alleges that "she was trafficked at the Motel 1 located at 2001 Candelaria Road NE, Albuquerque, New Mexico 87107." *Id.* She argues that disclosing her name to the public would "identify her as an alleged sex-trafficking survivor and expose her to serious privacy, psychological, reputational, and safety-related harms." *Id*. at 2. Plaintiff also explains that "[t]rafficking cases often involve fear, coercion, intimidation, and retaliation." *Id.* at 5.

Proceeding anonymously is not contemplated by the Federal Rules of Civil Procedure. Rather, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Adopting the standard of the Eleventh Circuit, the Tenth Circuit ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court. *Zavaras*, 139 F.3d at 802. In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest." *Id*. at 803. The public has an "important interest in access to legal proceedings." *Femedeer*, 227 F.3d at 1246. Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel." *Id*. "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Id*. "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness." *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

The Tenth Circuit has stated that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so." *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) (citing *Nat'l Commodity & Barter Ass'n,* 886 F.2d

at 1245). If the court grants permission, the court often requires the anonymous plaintiff to disclose his or her real name to defendants and to the court under seal while permitting the plaintiff to use his or her initials in all other filings. *Id*. If the court does not grant permission, it may "lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Id*.

In this case, the Court finds that plaintiff has met her burden of showing that her need for anonymity outweighs the public interest in favor of openness. The Court finds that plaintiff's allegations of sexual abuse as a minor are of a "highly sensitive and personal nature." *Femedeer*, 227 F.3d at 1246. "Sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004)). "[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195. Judges in this Court have allowed similar cases involving sex trafficking victims to proceed anonymously. *See Jane Doe (M.R.B.) v. SAI, Inc.*, Doc. 5, No. 2:25-cv-00104 DLM-GBW (filed February 24, 2025) (granting request to proceed via pseudonym in companion case); *Doe v. The Sheraton, LLC, et al.*, Doc. 22 (filed July 3, 2023); *A.F. v. G6 Hospitality, LLC*, Doc. 23, 1:23-cv-00879-KG-GBW (filed March 13, 2024). Plaintiff's legitimate fears of psychological harm, retaliation, and physical danger outweigh "the countervailing public interest" that her identify be made public. *See Zavaras*, 139 F.3d at 803.

The Court notes that the Defendant is not opposed to Plaintiff proceeding anonymously. The Court sees no prejudice to the Defendant: Defendant knows Plaintiff's identity and is not hampered in its efforts to investigate and defend against Plaintiff's allegations. *See Kolko*, 242

F.R.D. at 198 (finding no prejudice to the defendants where the defendants were provided the plaintiff's full name).

For these reasons, the Court grants Plaintiff permission to proceed via pseudonym.  The Order to Show Cause (Doc. 20) is hereby quashed.

"If a court grants permission [to proceed anonymously], it is often with the requirement that the real names of the plaintiff[] be disclosed to the defense and the court but kept under seal thereafter."  *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).  **The Court therefore orders Plaintiff to file a version of the complaint under seal that places her real name on the record by July 31, 2026.**

JENNIFER M. ROZZONI
United States Magistrate Judge

4